United States District Court
for the District of New Jersey

| | |
|---|---|
| DORISVEL SANCHEZ, PPA JESENIA TAVAREZ,<br><br>   *Plaintiff*,<br><br>v.<br><br>MICHAEL FRAZZANO and VICTOR MESCE,<br><br>   *Defendants*.<br><br>MICHAEL FRAZZANO and VICTOR MESCE,<br><br>   *Third-Party Plaintiffs*,<br><br>v.<br><br>MICHELLE ROJAS,<br><br>   *Third-Party Defendant*. | Civil No: 15-2316 (KSH)(CLW)<br><br>**OPINION AND ORDER** |

**Katharine S. Hayden, U.S.D.J.**

  This matter comes before the Court on a motion by third-party plaintiffs Victor Mesce and Michael Frazzano seeking a final judgment by default against third-party defendant Michelle Rojas pursuant to *Federal Rule of Civil Procedure* 55(b)(2).

 **I. Background**

  The minor plaintiff, Dorisvel Sanchez, was hit by a car while crossing the street in the company of her babysitter. She brings this complaint (D.E. 1 ("Compl.")), alleging that, on August 15, 2014, while crossing 6th Avenue in Newark, New Jersey, with her babysitter Michele Rojas, she was struck by a car owned by Victor Mesce and driven negligently and carelessly by

1

Michael Frazzano. (Compl. ¶¶ 3, 11.) Sanchez asserts that she suffered a fracture of her right elbow and pelvis, permanent injuries that will necessitate continued care. (Compl. ¶¶ 13-14.) Sanchez requests compensatory and equitable relief.

On May 15, 2015, Frazzano and Mesce answered the complaint and filed a third-party complaint against Rojas, in which they allege that she was also negligent and should be found jointly liable under the New Jersey Joint Tortfeasor Act, N.J.S.A. 2A:53A-1, *et seq.* and/or the New Jersey Comparative Negligence Law, N.J.S.A. 2A:15-5.1, *et seq.* (D.E. 8.) Copies of the summons and third-party complaint were left at Rojas's usual dwelling with her mother-in-law, Maria Tavaras, on May 29, 2015. (D.E. 11.) Despite proper service, she failed to file an answer or otherwise respond to the third-party complaint. Accordingly, on July 2, 2015, the clerk of the court entered default as to Rojas only, and on February 1, 2016, Frazanno and Mesce moved for a final judgment by default. (D.E. 15). Aside from the third-party complaint, the case continues to move forward. Rojas was deposed by the attorney for Frazzano and Mesce on December 21, 2015. (D.E. 20-2, Ex. E ("Rojas Deposition").)[1]

## II.     Default Judgment and Discussion

In evaluating a motion for default judgment, the Court must first determine whether the clerk of court properly entered default. *Fed. R. Civ. P.* 55(a). As Rojas has failed to enter an appearance, file an answer, or in any way respond to the complaint, the entry of default is proper in this case.

"As a general matter, even when a party is properly in default, the other side is not entitled to the entry of default judgment as of right, and the entry of such a judgment is left primarily to the discretion of the district court." *Ramada Worldwide Inc. v. Abel Lodging, LLC*,

---

[1] At the time of that deposition, Rojas was informed that she was a third-party defendant and that she could seek counsel. (Rojas Deposition T4:7-20.) Rojas went forward with the deposition without the assistance of counsel.

2014 WL 5361914, at *1 (D.N.J. Oct. 21, 2014) (Linares, J.); *see, e.g., Hritz v. Woma Corp.,* 732 F.2d 1178, 1180 (3d Cir. 1984).  In determining whether the entry of default judgment is proper the court must consider "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default."  *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984); *see also City Select Auto Sales, Inc. v. David/Randall Assocs.,* 2015 WL 4507995, at *4 (July 23, 2015) (Simandle, C.J.).  A court must accept as true all "well-pled" factual allegations in the complaint.  *Comdyne I. Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).  It need not accept a plaintiff's legal conclusions or statements concerning damages.  *Id.; see also City Select Auto Sales,* 2015 WL 4507995, at *2.

In the third-party complaint, Mesce and Frazzano allege that if they are found negligent, such negligence would be "vicarious, secondary and passive, whereas the negligence of the third party defendant, Michelle Rojas, was active and primary."  (D.E. 8 at 3.)  On that allegation alone, third-party plaintiffs have failed to show they will suffer prejudice absent default judgment at this point in the litigation.  In *City Select Auto Sales* the court found that default judgment was warranted where third-plaintiffs alleged the defaulting third-party defendant was jointly and severally liable to the third-party plaintiffs.  2015 WL 4507995, at *2, 4.  The court held that because judgment had been entered against the third-party plaintiffs, and they had no other means of obtaining contribution from the third-party defendant, they would be "prejudiced in the absence of a default judgment."  2015 WL 4507995, at *4.  Here, no findings of negligence have been made and no judgment has been assessed against Mesce and Frazzano; these third-party plaintiffs have yet to be harmed.  Until such harm occurs, a finding that they would be prejudiced by the denial of this default judgment is premature.  *Cf. Ramada Worldwide*

*Inc. v. Courtney Hotels USA, Inc.*, 2012 WL 924385, at *5 (D.N.J. Mar. 19, 2012) (Walls, J.) (granting default judgment where "[i]f default judgment is not entered, [the plaintiff] will continue to be harmed because it will not be able to seek damages for its injuries due to defendant's continuing refusal to participate in this case.").

Further, where the motion for default judgment is made as to only one defendant in a multi-defendant case, "the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against non-defaulting defendants: if plaintiff loses on [the] merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants." *Animal Sci. Products, Inc. v. China Nat. Metals & Minerals Imp. & Exp. Corp.*, 596 F. Supp.2d 842, 849 (D.N.J. 2008) (Brown, J.) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)). To avoid potential absurdities that could result from inconsistent judgments, this practice is most strictly applied where the liability is joint and several. *See, e.g., Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 154 (3d Cir. 1986) (citing *Golf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1511-12 (11th Cir. 1984) (finding default judgment "incongruous and unfair" where defendants were joint and severally liable)); *see also Eteam, Inc. v. Hilton Worldwide Holdings, Inc.*, 2016 WL 54676 (D.N.J. Jan. 5, 2016) (Walls, J.) (declining to grant default judgment against one of two defendants where it would "create the risk of potentially inconsistent judgments").

There can be no question that the third-party complaint alleges that Rojas may be jointly and severally liable if the defendants/third-party plaintiffs are found negligent. "As a general rule . . . when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." Charles A. Wright et. al., 10A Fed. Prac. &

4

Proc. Civ. § 2690, at 73 (3d ed. 2015) (discussing *Frow v. De La Vega*, 82 U.S. 552 (1872)). The prudent course at this juncture is for the Court to deny the motion without prejudice and preclude the possibility of a logically inconsistent default judgment.

### III.     Conclusion and Order

For the foregoing reasons, the Court withholds granting default judgment against Rojas until this lawsuit is resolved. Victor Mesce and Michael Frazzano's application for default judgment is denied without prejudice.

Based on the foregoing,

**IT IS** on this 15th day of May, 2016,

**ORDERED** that Victor Mesce and Michael Frazzano's motion for default judgment as to Michelle Rojas is **denied** without prejudice.

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.